IN THE UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| **DEBRA LAMMON, Individually and As Next Friend of her Minor Son X** | § | **CIVIL ACTION** |
| | § | |
| | § | |
| **Plaintiffs** | § | |
| | § | **NO. _____** |
| **v.** | § | |
| | § | |
| **GALVESTON INDEPENDENT SCHOOL DISTRICT BY AND THROUGH THE BOARD OF TRUSTEES OF GALVESTON INDEPENDENT SCHOOL DISTRICT,** | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| | § | |
| **AND** | § | |
| **GISD SCHOOL BOARD PRESIDENT JOHN W. FORD, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| **AND** | § | |
| **GISD SCHOOL BOARD VICE PRESIDENT TERRY DICK, INDIVIDUALLY** | § | **JURY TRIAL REQUESTED** |
| | § | **Per FRCP 38** |
| | § | |
| | § | |
| **AND** | § | |
| **GISD SCHOOL BOARD SECRETARY LINDA HORNBECK DOLFI, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| | § | |
| **AND** | § | |
| **GISD TRUSTEE WEEZ DOHERTY, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| **AND** | § | |
| **GISD TRUSTEE MICHAEL B. HUGHES, INDIVIDUALLY** | § | |
| | § | |
| | § | |
| **AND** | § | |
| **GISD TRUSTEE DAVID H. O'NEAL, JR., INDIVIDUALLY** | § | |
| | § | |

1

|                                              | § |
|----------------------------------------------|---|
| **AND**                                      | § |
| **GISD TRUSTEE BARRY ROCHKIND,**             | § |
| **INDIVIDUALLY**                             | § |
|                                              | § |
| **AND**                                      | § |
| **GISD SUPERINTENDENT LYNN**                 | § |
| **HALE, INDIVIDUALLY**                       | § |
|                                              | § |
| **AND**                                      | § |
| **GISD SAN JACINTO ELEMENTARY**              | § |
| **SCHOOL'S PRINCIPAL, MARTHA**               | § |
| **CAROL EMERSON, INDIVIDUALLY**              | § |
|                                              | § |
| **AND**                                      | § |
| **GISD EMPLOYEE AND BUS DRIVER**             | § |
| **CURMIT THOMAS HATCHER,**                   | § |
| **INDIVIDUALLY**                             | § |
|                                              | § |
| **Defendants**                               | § |

_____

## PLAINTIFFS' ORIGINAL COMPLAINT
_____

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, Debra Lammon, individually and as Next Friend, birth mother, and as designated managing conservator of her Minor Son "X", per Fed. R. Civ. P. 17(c)(1)(A)&(C), Plaintiffs hereinafter file this their Original Complaint per 28 U.S.C. § 1331 and 1367(a) and/or (b), 42 U.S.C. § 1983 and/or 20 U.S.C. § 1681 and complaining of:

1.   GALVESTON INDEPENDENT SCHOOL DISTRICT ("GISD" hereinafter) by and through the Board of Trustees of Galveston Independent School District; and

2.   THE BOARD OF TRUSTEES OF GALVESTON INDEPENDENT SCHOOL

2

DISTRICT, President JOHN W. FORD, Vice President TERRY DICK, Secretary LINDA HORNBECK DOLFI, Trustees WEEZ DOHERTY, MICHAEL B. HUGHES, DAVID H. O'NEAL, JR., AND BARRY ROCHKIND, each individually as then, and at all the following relevant material times including exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c), individually as policy makers of the School Board of Galveston Independent School District; and

3.   LYNN HALE, individually as then, at all following relevant material times including exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c), Superintendent of Schools of GISD hereinafter "Superintendent" individually; and

4.   MARTHA CAROL EMERSON individually as then, and at all following relevant material times, Principal of San Jacinto Elementary School in the GISD hereinafter "Principal" until said school closed in 2006 individually; and

5.   CURMIT THOMAS HATCHER, individually as then, and at all following relevant material times, School Bus Driver of San Jacinto Elementary School in the GISD hereinafter "Hatcher", individually.

Per Fed. R. Civ. P. 17(c)(1)(A) & (C), all collectively Defendants hereinafter and in support thereof would respectfully show the Court the following:

## I. JURISDICTION AND VENUE

6.   Jurisdiction and venue lie in the Galveston Division, Southern District of Texas per 28 U.S.C § 1331 and/or 28 U.S.C. § 1367(a) and/or 28 U.S.C. § 1391 and/or 42 U.S.C. § 1983 and/or 20 U.S.C. § 1681.  Defendant GISD has its offices solely

in Galveston County, Texas.  GISD, and at all times material herein, Defendant, John W. Ford individually as President of The Board of Trustees of Galveston Independent School District; Defendant, Terry Dick individually as Vice President of The Board of Trustees of Galveston Independent School District; Defendant, Linda Hornbeck Dolfi individually as Secretary of The Board of Trustees of Galveston Independent School District; Defendant, Weez Doherty individually as Trustee of The Board of Trustee of Galveston Independent School District; Defendant, Michael B. Hughes individually as Trustee of The Board of Trustee of Galveston Independent School District; Defendant, David H. O'Neal, Jr. individually as Trustee of The Board of Trustee of Galveston Independent School District; Defendant, Barry Rochkind individually as Trustee of The Board of Trustee of Galveston Independent School District; Defendant, Lynn Hale individually as Superintendent of GISD; Defendant, Martha Carol Emerson individually as Principal for San Jacinto Elementary of GISD on or about October 11, 2003 in Galveston, Texas until San Jacinto Elementary School was closed by GISD in 2006.  Defendant, Hatcher individually was a driver of school bus for GISD.  Hatcher is presently incarcerated and serving a criminal sentence in the Texas Department of Corrections (TDC) for conviction of aggravated sexual assault of a child, Plaintiff, X in this case in October 2003.

7. All above Defendants were at all relevant times material residents and citizens of Galveston County, Texas on or about October 11, 2003, and all were policy makers and/or employees of GISD at all relevant times material including on or

4

about October 11, 2003.  Defendants GISD and co-Defendants violated Plaintiff's rights secured by the U.S. Constitution and laws of the United States and the alleged deprivation was committed by person(s) acting under color of state law.

8.    Per 42 U.S.C. § 1983 and 20 U.S.C § 1681 over which this court has original subject matter and in personam jurisdiction and venue over all parties and causes of action per 28 U.S.C. § 1331 and/or "federal question" jurisdiction arising under the Constitution, laws and statutes of the U.S., and/or Texas and/or supplemental jurisdiction per 28 U.S.C. § 1367(a), and/or 28 U.S.C. § 1391.

## II.  PARTIES

9.    Plaintiff, X, a minor, appears through his natural birth Mother, and as his Next Friend per Fed. R. Civ. P. 17(c)(1)(A)&(C), and TRCP 44; Plaintiff, Debra Lammon has been designated as Managing Conservator of Plaintiff, X, by the 312th Judicial District Court of Harris County, Texas, and has the rights and duties as a parent to manage the estate of Plaintiff, X to the extent the estate has been created by the parent or the parent's family, and the power to represent Plaintiff, X in legal action and to make other decisions of substantial legal significance concerning him.  Exhibit I.  Ms. Lammon is now a resident of San Antonio, Bexar County, Texas, but was a resident of Galveston, Galveston County, Texas on or about October 11, 2003.  She was continually a resident and citizen of Galveston County, Texas, as was Plaintiff, X at all such above material times.

10.   Plaintiff, Debra Lammon, was a resident of Galveston, Galveston County, Texas on or about October 11, 2003 and at all above times material.  She was continually

a resident and citizen of Galveston County, Texas, as was Plaintiff, X at all such above material times.  Debra Lammon is now a resident of San Antonio, Bexar County, Texas.

11.     Defendant, Galveston Independent School District (GISD hereinafter), is a Texas governmental entity.   Defendant is being sued by and through the Board of Trustees of Galveston Independent School District.   Defendant, Galveston Independent School District is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law.   Defendant, Galveston Independent School District may be served by serving its registered agent for service of summons per the Texas Secretary of State Records Superintendent Larry Nichols and/or his official office at 3904 Avenue T, Galveston, Galveston County, Texas 77550 per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

The physical business address for the Superintendent is 3904 Avenue T, Galveston, Texas 77550 and GISD's counsel of public record is attorney Mr. J. Erik Nichols, ROGERS, MORRIS & GLOVER, L.L.P., 5718 Westheimer Street, Houston, Texas 77057, who requested and is receiving a courtesy copy without accepting formal service.

12.     Defendant, John W. Ford was at all times relevant to this action a resident of the State of Texas and of this judicial district, and the President of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here.   Defendant is a "person" under 42 U.S.C. § 1983.   He is sued in his

6

individual capacity and could be served at his residence per Fed R. Civ. P. 4(d), and/or TRCP 106 (a)(2).

13.     Defendant, Terry Dick, was at all times relevant to this action a resident of the State of Texas and of this judicial district, and the Vice President of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here.   Defendant is a "person" under 42 U.S.C. § 1983.   He is sued in his individual capacity and could be served at his residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

14.     Defendant, Linda Hornbeck Dolfi, was at all times relevant to this action a resident of the State of Texas and of this judicial district, and a Trustee of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here.  Defendant is a "person" under 42 U.S.C. § 1983.  She is sued in her individual capacity and could be served at her residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

15.     Defendant, Weez Doherty, was at all times relevant to this action a resident of the State of Texas and of this judicial district, and a Trustee of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here. Defendant is a "person" under 42 U.S.C. § 1983.  She is sued in her individual

capacity and could be served at her residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

16. Defendant, Michael B. Hughes, was at all times relevant to this action a resident of the State of Texas and of this judicial district, and a Trustee of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here. Defendant is a "person" under 42 U.S.C. § 1983. He is sued in his individual capacity and could be served at his residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

17. Defendant, David H. O'Neal, Jr., was at all times relevant to this action a resident of the State of Texas and of this judicial district, and a Trustee of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here. Defendant is a "person" under 42 U.S.C. § 1983. He is sued in his individual capacity and could be served at his residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

18. Defendant, Barry Rochkind, was at all times relevant to this action a resident of the State of Texas and of this judicial district, and a Trustee of the Board of Trustees of Galveston Independent School District for the school year of 2003 at all times relevant to this case acted under color of state law at all times material here. Defendant is a "person" under 42 U.S.C. § 1983. He is sued in his

individual capacity and could be served at his residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

19.   Defendant, Lynn Hale, was at all times relevant to this action a resident of the State of Texas and of this judicial district.  She was the Superintendent of Schools of Galveston Independent School District on or about October 11, 2003. Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law.  She is sued in her individual capacity and could be served at her residence per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

20.   Defendant, Martha Carol Emerson, was at all times relevant to this action a resident of the State of Texas and of this judicial district.  She was employed officially as the Principal of San Jacinto Elementary School in the GISD on or about October 11, 2003 until said school closed in 2006.   Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law.  She is sued in her individual capacity and could be served at her residence per Fed R. Civ. P. 4 (d), and/or 4 (k)(2)(B), and/or TRCP 106 (a)(2).

21.   Defendant, Curmit Thomas Hatcher (hereinafter "Hatcher"), was at all times relevant to this action a resident of the State of Texas and of this judicial district. He was employed by GISD acting in the course and scope including as a school bus driver.  Defendant is a "person" under 42 U.S.C. § 1983 and at all times relevant to this case acted under color of state law.  He is presently incarcerated and serving a Final Judgment of incarceration, a criminal sentence in the Texas Department of Corrections (TDC) for conviction of aggravated sexual assault of a

child (minor), Plaintiff, X in October 2003, Cause No. 09CR3867 (TRN#901-227-3722-003) in Galveston County, Texas.  He now is incarcerated in TDC Wayne Scott Unit, 6999 Retrieve, Angleton, Texas 77515, Brazoria County, Texas.  It is also within this Court's jurisdiction and venue.  He is sued in his individual capacity and could be served at TDC Wayne Scott Unit in Angleton, Texas 77515 per Fed R. Civ. P. 4 (d), and/or TRCP 106 (a)(2).

The above Defendants were all officials and/or employees of GISD and were thereby imbued with apparent state authority at all time herein above, and were all subject to said GISD's control and direction.  All were and/or are residents and citizens of Galveston County, Texas on October 11, 2003 and at all times material hereinafter.

### III.    PRELIMINARY STATEMENT

22.    The Due Process Clause of the U.S. Constitution Amendment XIV protects an individual's liberty interest in his bodily integrity.   Plaintiff, X and his mother, designated managing conservator and/or as his Next Friend, Plaintiff, Debra Lammon brings this case seeking fair compensation, actual damages, and punitive damages.  Plaintiffs also seek to reform and/or establish the policies, custom, enforcement, monitoring, training and supervision within the Galveston Independent School District to ensure that GISD's official policies, custom, training and supervision adopted by GISD trustees-policy makers, and/or its policies, custom, training and supervision executed by the superintendent and principal are consistent with the constitutional limits on individual's liberty interest in his/her bodily integrity.

23.   Defendant, Hatcher committed aggravated sexual assault on Plaintiff, X, a homeless five-year old kindergarten student at San Jacinto Elementary School while Plaintiff, X was in his custody and care.  Defendant, Hatcher was the school bus driver who transported Plaintiff, X to and from school, to and from school and after school activities, and to and from school and the homeless shelter, where Plaintiff, X lived at the time of the incident.  Defendant, Hatcher had previously committed the criminal offenses of indecency/sexual contact with minor students.  Defendant, Hatcher was officially reported for sexually assaulting three children.  These three separate criminal offenses occurred on or about September 30, 2003, October 11, 2003, and April 2004 respectively.  Plaintiff, X was aggravated sexually assaulted by Defendant, Hatcher on or about October 11, 2003.  He has been injured physically, emotionally, and scholastically.  Defendant, Hatcher was convicted in 2004 for aggravated sexual assault on Plaintiff, X, and is currently serving a thirty-five years prison term in the Texas Department of Corrections.

24.   No person in the United States shall, on the basis of sex, be excluded from participation in, and/or be denied the benefits of, or be subjected to discrimination under any education program or activity receiving federal financial assistance as here.  Plaintiff, X, has been discriminated upon him; he is continuously being discriminated, and deprived of his right to education since the aggravated sexual assault.  As of February 12, 2004, Plaintiff, X had already been frequently suspended from school for an estimated thirty (30) times in less than six months

during the school year which started in late August 2003.  The duration of the
suspensions usually lasted between one to three days.

25.   These severe injuries were foreseeable, and preventable by Defendants.   The
Board of Trustees of The Galveston Independent School District has the exclusive
power and duty to govern and oversee the management of the GISD.  In a Texas
Education Agency's 1994 publication titled *Safe Texas Schools: Policy Initiatives
and Programs*, the publication raised the issues of sexual harassment in public
schools and proposal for strategies to address the problem in schools.   This
publication also reported the findings from a survey of students that "eighteen
percent of students reported being harassed by school staff such as a teacher, bus
driver, coach or counselor…"

26.   Texas Education Code Sec. 38.004 mandates that "…each school district shall
provide child abuse antivictimization programs in elementary and secondary
schools…" and Texas Education Code Sec. 38.0041 requires that each school
district shall adopt and implement "Policies Addressing Sexual Abuse And Other
Maltreatment of Children."   "The Board of Trustees of a school district shall
establish and annually review policies for reporting child abuse and neglect."  The
policies shall follow the requirements outlined in the Texas Family Code, Chapter
261.  This particular chapter of the Texas Family Code specifically lists the types
of "sexual conduct harmful to a child's mental, emotional, or physical welfare,
including conduct that constitutes the offense of continuous sexual abuse of young
child or children under Section 21.01, Texas Penal Code, indecency with a child

under Section 21.11, Texas Penal Code, sexual assault under Section 22.011, Texas Penal Code, or aggravated sexual assault under Section 22.021, Texas Penal Code."   Defendant, Hatcher was convicted of violating Section 22.021 of the Texas Penal Code and aggravated sexually assaulted Plaintiff, X.

27.   Defendant, Hatcher was also charged with violating Texas Penal Code Section 22.011 and 21.11 for sexually assaulting a child, and indecency with child and or engaging in sexual contact.  The Galveston Independent School District Board of Trustees, Superintendent, Lynn Hale, and School Principal, Martha Carol Emerson had actual knowledge and/or constructive knowledge, and were deliberately indifferent to exercise their responsibilities.  They failed to properly adopt, execute and enforce an official policy and/or its policy and custom, along with the lack of adequate training, lack of monitoring, and lack of supervision had proximately caused Plaintiff, X's federal rights to be violated.

28.   Plaintiff, X was a homeless student at the time of the incident.  He was living at a homeless shelter when he attended kindergarten at San Jacinto Elementary School. He was at all above and following material times thereto under the custody and care of Defendants, GISD and Defendant, Hatcher to and from school, to and from school and after school activities, and to and from school and the homeless shelter where he resided.  Congress enacted The McKinney-Vento Homeless Education Assistance Improvement Act of 2002 to address education for homeless children and youths program.  This act was adopted by the State of Texas and known as "No Child Left Behind Act of 2002".

29.     Under this act, Texas' State Policy stated that 'For purposes of this plan, "equal access to the same free, appropriate public education" in Texas means that homelessness alone shall not disqualify children and youth from participating in any program or receiving any service for which they would otherwise be eligible. All Texas children and youth experiencing homelessness will be able to participate in any program or receive any service for which they would be eligible if they were not homeless.  Homelessness alone shall not disqualify any children or youth from eligibility.  Therefore, children experiencing homelessness shall be eligible for transportation services, compensatory education services, bilingual education services, special education services, school meal programs, preschool programs, or any other programs offered by the local school district for which the homeless child or youth is otherwise eligible.'

30.     42 U.S.C. Section 11302- General definition of homeless individual states:

(a)   In general

For purposes of this chapter, the term "homeless" or "homeless individual or Homeless person" [1] includes –

(1)   An individual who lacks a fixed, regular, and adequate nighttime residence; and

(2)   An individual who has a primary nighttime residence that is –

(A)   A supervised publicly or privately operated shelter designed to provide temporary living accommodations (including welfare hotels, congregate shelters, and transitional housing for the mentally ill);

(B)   An institution that provides a temporary residence for individuals intended to be institutionalized; or

(C)   A public or private place not designed for, or ordinarily used as, a regular sleeping accommodation for human beings.

The McKinney-Vento Homeless Assistance Act As Amended by above mentioned No Child Left Behind (NCLB) Act of 2002 [Title X, Part C] was enacted to ensure that homeless children like Plaintiff, X are eligible to the same rights to education as any other Texas children. The U. S. Department of Education has provided guidance for states and addressed the educational needs of homeless children relevant to Plaintiff, X, as follows:

Sec. 722 (e) of the Act on State and Local Subgrants-

(2)   Use By State Educational Agency – A State educational agency may use funds made available for State use under this subtitle to conduct activities under subsection (f) directly or through grants or contracts.

Sec. 722. (g) State Plan-

(1)   In General – Each State shall submit to the Secretary a plan to provide for the education of homeless children and youths within the State.  Such plan shall include the following:

(D)   A description of programs for school personnel (including principals, attendance officers, teachers, enrollment personnel, and pupil services personnel) to heighten the awareness of such personnel of the specific needs of runaway and homeless youths.

(F)   A description of procedures that ensure that-

(i)   homeless children have equal access to the same public preschool programs, administered by the State agency, as provided to other children in the State;

(ii)   homeless youths and youths separated from the public schools are identified and accorded equal access to appropriate secondary education and support services; and

(iii)  homeless children and youths who meet the relevant eligibility criteria are able to participate in Federal, State, or local before-and-after-school care programs.

(J)   Assurances that –

(iii)  the State and its local educational agencies will adopt policies and practices to ensure transportation is provided, at the request of the parent or guardian (or in the case of an unaccompanied youth, the liaison), to and from the school of origin, as determined in paragraph (3)(A), in accordance with the following, as applicable:

(1)  If the homeless child or youth continues to live in the area served by the local educational agency in which the school of origin is located, the child's or youth's transportation to and from the school of origin shall be provided or arranged by the local educational agency in which the school of origin is located.

The Texas Education Code and The McKinney-Vento Homeless Education Assistance Improvement Act of 2002 ratified, enacted and/or adopted by the State of Texas and known as "No Child Left Behind Act of 2002", coupled with Plaintiff's young age of five, established the special relationship between Galveston Independent School District and Plaintiff, X to ensure Plaintiff's rights to education, his rights under the U.S. Constitution Amendment XIV to protect an individual's liberty interest in his bodily integrity, and his rights under Title IX "on the basis of sex, [not] be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance" not be violated.

**IV.  FACTS**

31.     All above paragraphs 1 to 30 inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

**A.      Plaintiff, X**

32.     Plaintiff, X was homeless from May 2003 to 2004.  He lived at a homeless shelter with his mother while attending kindergarten at San Jacinto Elementary School. Defendant, Hatcher transported Plaintiff, X as the GISD school bus driver and/or coach to and from school, to and from school and school activities, and to and from school and the homeless shelter.  Plaintiff was under the custody and care of Defendant, Hatcher, GISD's school bus driver.

**B.      Plaintiff, X's Constitutional Rights To Bodily Integrity was Violated by Defendants Under Color of State Law**

33.     On or about October 11, 2003, Plaintiff, X, was one of four minors being ordered and/or authorized to be transported by Defendants GISD, Superintendent and principal.  Defendant Hatcher drove Plaintiff, X to his apartment in the 3100 block of Sixty-Ninth Street, Galveston, Galveston County, Texas.  On such occasion, said Plaintiff, X was feloniously sexually assaulted, including penetration of minor Plaintiff, X's anus with his penis by GISD Defendants' employee, Defendant, Hatcher in Galveston, Galveston County, Texas.

**C.      Defendants' Deliberate Indifference Toward Plaintiff, X, By Failing to Take Action That Was Necessary To Prevent or Stop The Abuse of Plaintiff and Defendants further discriminated against Plaintiff, X, on the basis of sex, and excluded him from participation in, denied the benefits of, and/or subjected him to discrimination under GISD education programs and/or activities receiving federal financial assistance**

17

34.   Defendant, Hatcher established a pattern of sexually assaulting students.   Records established that Defendant, Hatcher had previously committed a similar offense to another student in September 2003.   Defendant, Hatcher was reported and later convicted of aggravated sexually assaulted Plaintiff, X on or about October 11, 2003.   A GISD expert opined that there may be some other unreported and unaccounted for sexual assaults on the Plaintiff, X to constitute the sexual assaults as a chronic situation.   The record also established that Defendant, Hatcher even sexually attacked a fourteen year student in April 2004.   Hatcher's attack(s) caused   Plaintiff,   minor   X,   serious,   permanent,   physically   and emotionally/mentally/psychologically disabling injuries as alleged hereinafter.

35.   Record noted that Plaintiff, X had increasing aggression in school in October, 2003.  Plaintiff, X's teacher noticed that Plaintiff was visibly and noticeably angry most of the time.   Even though Texas teachers and school professionals were trained and required to identify and report child abuse to authorities, no one from GISD reported any suspected child abuse, nor conducted any investigation concerning suspected abuse of Plaintiff, X, and failed to prevent further abuses from happening.   When Plaintiff, X reacted with anger in his classroom after his aggravated sexual assault by Defendant, Hatcher, Plaintiff X's teachers did not follow the requirements per Texas law.   Instead, GISD school staff chose to place Plaintiff, X in a room to get his anger out.   GISD staff also frequently suspended Plaintiff, X from school.   The suspensions lasted between one to three days.

Plaintiff's mother, Plaintiff, Debra Lammon estimated that her son was suspended about forty (40) times as of February 12, 2004 for the 2003-2004 school year.

36.  In early 2004, Plaintiff, X saw a licensed school psychologist at his mother's request.  The licensed school psychologist noted that in October 2003, Plaintiff, X reported being hurt by a bus driver in an after-school program in what may have been a chronic situation.

37.  When Plaintiff, Debra Lammon, transferred Plaintiff, X to a different school in February 2004, Plaintiff, X displayed with much less anger and agitated behavior. His new principal also indicated that Plaintiff, X will not be sent home.

**D.   Established Policies, Customs, and Culpable Conduct**

38.  At all times relevant to this action Defendants acted recklessly, willfully, knowingly, intentionally and with deliberate indifference to the safety of Plaintiff, X.

39.  The aggravated sexual assault on Plaintiff, X, by Defendant, Hatcher in October 2003, violated clearly established law.

40.  The Texas Education Code required that the school district establish "Policies Addressing Sexual Abuse And Other Maltreatment of Children."  The GISD Board of Trustees shall also establish and annually review policies for reporting child abuse and neglect as outlined in Chapter 261 of Texas Family Code, and Sections 21 and 22 of Texas Penal Code.

41.  Defendant GISD's policies, customs, and practices regarding addressing sexual abuse and other maltreatment of children was a moving force behind and

proximate cause of Defendants' violation of Plaintiff, X's constitutional rights in this case.

42.     At the time of Plaintiff, X being aggravated sexually assaulted, GISD had failed to properly adopt, monitor, and/or follow, and/or execute a policy or custom regarding safe transportation of students on assigned route.  GISD foreseeably should have required its school bus drivers to follow assigned route and adhere to established schedules.  GISD's failure to train, supervise, monitor, and execute its policy regarding bus drivers' safe transportation of students and adherence to established schedules was a foreseeable pivotal cause behind Defendant, Hatcher's aggravated sexual assault of Plaintiff, X in this case.  GISD's training, and supervision was deliberately indifferent to the safety needs of its student, Plaintiff, X in particular.

43.     By Defendants' above acts and omissions, The GISD Board of Trustees Defendants' discredited official policy and/or custom, along with the GISD Superintendent, Lynn Hale and San Jacinto Elementary School's Principal, Carol Emerson's failure to execute the official policies, failure to train, supervise, and monitor reflect intentional, reckless, and/or deliberate indifference to the constitutional rights, health, safety, protection and welfare of Plaintiff, X in that they inter alia:

    a.      Failed to adopt and effectively enforce and execute policies to prevent sexual assault of students by school employees.

    b.      Permitted the school bus drivers functioning within the school system with unrestrained access to minor students.

c. Failed to execute, and adequately and properly train principal and other employees, including teachers and school bus drivers, in the rights of students to be free of sexual assault or physical violations of their body;

d. Failed to execute, and adequately and properly train principals and other employees, including but not limited to teachers and school bus drivers, obligations to report reasonable suspicions of child abuse and to ensure equal access to educational opportunities;

e. Failed to evaluate in good faith its policies and practices for compliance with applicable laws and failed to take the steps necessary to overcome the effects of discrimination as required by federal law;

f. Failed to execute its policies, failure to train its employees and provide students molested by school system employees' prompt and effective counseling and mental health treatment;

g. Failed to adopt, monitor GISD's official policy, failed to enforce, and failed to execute preventative policies to prevent sexual assault of students by school employees.

44. Such above acts and omissions were so egregious and unconstitutional, Plaintiffs incorporate and adopt all above by reference per Fed. R. Civ. P. 10 (c) and/or per 28 U.S.C. § 1367 supplemental jurisdiction and governed by Texas law under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938) (Erie) and/or under all applicable federal law, statutes and Federal Rules of Civil Procedure and Federal Rules of Evidence.  This entitles the jury to award compensatory and exemplary and punitive damages against each Defendant severally, and an award of usual, customary, reasonable and necessary attorney's fees and costs.

**E.     Harm to Plaintiff, X and Plaintiff, Debra Lammon**

45. Plaintiff, X suffered serious, permanent, physical, emotional, psychological disabling injuries, humiliation, embarrassment and emotional distress.

Defendants' actions described above directly and proximately caused these injuries to Plaintiff, X, and deprived Plaintiff's right to receiving his education.

46.     Plaintiff, Debra Lammon suffered emotional distress due to Defendants' conduct, action and omissions.  Her emotional distress stems from her constant attention to her son's physical, emotional and scholastic needs from injuries directly and proximately caused by the Defendants. Defendants' actions described above directly and proximately caused these injuries to Plaintiff, Debra Lammon.

## V. CAUSES OF ACTION

**A.     RIGHT TO BODILY INTEGRITY UNDER 42 U.S.C. § 1983 AND THE 14TH AMENDMENT OF THE U.S. CONSTITUTION**

47.     All above paragraphs 1 – 46 allegations, inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

48.     All Defendants were at all times relevant, vested with special custodial and fiduciary responsibilities and clothed with and acting pursuant to power and authority created by and under color of state law.  Defendants violated Plaintiff's substantive due process right to be free of state-occasioned harm to his bodily integrity secured to him by the Fourteenth Amendment of the United States Constitution, 42 U.S.C. § 1983.

49.     Under the Fourteenth Amendment to the United States Constitution, Plaintiff, X, as a minor student in the Galveston Independent School District, was under the sole and exclusive custody, control and fiduciary responsibilities of Defendants. His rights under the Equal Protection Clause to freedom and protection against a

hostile, sexually discriminatory environment, against sexual abuse by school personnel, and against a hostile environment within their learning environment were violated.

50. Defendants, including Lynn Hale and Martha Carol Emerson, willfully failed to supervise, educate, and effectively administer their employees and particularly Defendant, Hatcher to respect the constitutional rights of the student, Plaintiff, X, and such failure constitutes deliberate indifference to the constitutional and federal rights of Plaintiff, X, and which permitted Defendant, Hatcher to engage in unlawful conduct.

51. Defendants knew their employee bus driver Defendant, Hatcher had previously committed one or more felonious, illegal, inappropriate criminal sexual assault and/or other violations upon minors, including having them over to his apartment without parental supervision, sexually assaulting them and Defendants had a duty *inter alia* of (1) reporting Defendant, Hatcher's illegal acts promptly to all Galveston County, Texas law enforcement investigative agencies and authorities, and (2) dismissing Defendant, Hatcher forthwith from his employment as an employee and as a bus driver.  Defendant, Hatcher drove many under-aged minor school bus riders, including the five (5) year old Plaintiff, X, whom he coached and sexually assaulted while in the employment of GISD defendant to his apartment in the 3100 Block of Sixty-ninth Street, Galveston, Galveston County, Texas.  Defendant, Hatcher was in the course and scope of his employment for GISD at all times material on or about October 11, 2003 in violation of Texas

23

Penal Code 22.021(A)(2)(B).  GISD and/or its Board of Trustees, and/or Defendant, Lynn Hale, and/or Defendant, Martha Carol Emerson were each liable and responsible for (1) supervising, training, and monitoring him, (2) his retention and his continued employment, (3) not dismissing him before Defendant, Hatcher sexually assaulted Plaintiff, X, and (4) not reporting him to the Galveston Police and/or Galveston County Sheriff and/or other governmental law enforcement authorities.

52.     Defendants' conduct, acts and omissions, custom and policy constitute deliberate indifference to the rights of Plaintiff, X, and entitle Plaintiffs to an award of their compensatory and exemplary and punitive damages, and an award of usual, customary, reasonable and necessary attorney's fees and costs.

**B.     LACK OF SUPERVISION, MONITORING AND DELIBERATE INDIFFERENT WRONGFUL RETENTION OF SCHOOL BUS DRIVER, DEFENDANT, HATCHER**

53.     All above paragraphs 1 – 52 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

1)     Defendants Hale and Emerson each in their individual capacities are liable when their own above and other actions and/or inactions after discovery is conducted herein, including failure to properly supervise and monitor Defendant, Hatcher, and continue to retain Defendant, Hatcher after he had sexually assaulted a minor. That amounts to deliberate indifference.  Each was and is a proximate cause of the constitutional violation of Plaintiffs above and following constitutional rights; and

2)     Defendant GISD's and Defendants Hale's and Emerson's supervisory liability for bus driver Hatcher's violations of minor Plaintiff, X's citizen's constitutional rights show that, among other things, GISD displayed above amounting to conscious indifference per Texas Statutes applicable under *Erie Railroad v. Tompkins*, 304 U.S. 64 (1938)(Erie) and/or governing Federal laws including under the 14th Amendment to the U.S. Constitution and 42 U.S.C. 1983; and/or

54. At all times relevant to this Complaint, Defendant Galveston Independent School District failed to supervise, monitor and control, and wrongfully retained as an employee Curmit Hatcher who was under the GISD's direct control.

55. At all times relevant to this Complaint, Defendants GISD and GISD's Board of Trustees knew or reasonably should have known, that their above conduct, acts, omissions, and failure to act of all other Defendants and/or its supervisors, agents and employees as described herein violated Plaintiff, X's rights.

56. At all times relevant to this Complaint, Defendants knew or reasonably should have known that the incidents, conduct, acts and omissions, and failure to act described herein, foreseeable and preventable, would and did proximately result in emotional distress to Plaintiff, X, including, but not limited to anxiety, tension, depression, and humiliation.

57. As a direct and proximate result of Defendants' actions, Plaintiff has suffered and will continue to incur physical pain and suffering, and extreme and severe mental anguish and emotional distress; will in reasonable medical probability will incur medical expenses for treatment by psychotherapists and other health professionals, including medical doctors, and for other incidental expenses, Plaintiff is thereby entitled to compensatory and exemplary and punitive damages in an amount to be proven at trial.

## C.   TITLE IX VIOLATION

In the alternative per FRCP 8a (1)(2) and (3).

58. All above paragraphs 1 – 57 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

59. Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. § 1681 provides that:

25

[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance.

The acts of the Defendants, as set forth herein, constitute unlawful sexual abuse and discrimination against Plaintiff on the basis of his sex in violation of Title IX of the Education Amendments of 1972, 86 Stat. 373, as amended, 20 U.S.C. § 1681.

60.  Defendants' deliberate indifference and actions, omissions, and/or custom, policy caused harm to Plaintiff, X physically and mentally.  It also effectively deprived Plaintiff, X's access to an educational opportunity or benefit.

61.  As a direct and proximate result of the Defendants' discriminatory acts as set forth above, Plaintiff has suffered and will continue in the future suffer damages as aforesaid.

62.  Plaintiffs are entitled to an award of compensatory and exemplary and punitive damages, and attorney's fees for which they now sue.

**D.   ASSAULT AND BATTERY**

63.  All above paragraphs 1 – 62 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

64.  The acts of the Defendants, as set forth above, were undertaken in a willful, wanton, reckless, malicious and intentional manner and constitute an unlawful assault and battery upon the person of Plaintiff, X.

65.   Defendants' above acts and omissions, as a direct and proximate result of the Defendant, Hatcher's sexual assault as set forth above, Plaintiff, X has suffered and will continue to in the future suffer damages as aforesaid.

66.   Plaintiff, X is entitled to an award of compensatory damages and an award of punitive damages arising from the Defendants' acts.

**E.     (1) INTENTIONAL TORTS; and/or (2) CRIMINAL ACTS (FELONIES)**

67.   All above paragraphs 1 – 66 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

68.   The above and following acts and/or omissions are brought against all GISD defendants, including for their above acts and/or omissions, violations of state and/or federal statutes, the Texas and U.S. Constitutions per 28 U.S.C. § 1367. These include but are not limited to, one or more of the following particular events, acts and/or omissions, each and all of which were a proximate cause of Plaintiffs' damages alleged hereinafter:

   1)   All Defendants, including Lynn Hale and Martha Carol Emerson are liable for their above acts and/or omissions and/or "deliberate indifference" to violations by their subordinates including then employee Defendant Hatcher, violating his and their duties to Plaintiff, not to violate Plaintiff's person and his constitutionally protected rights of privacy.

   2)   The above acts and/or omissions and/or *inter alia* "deliberate indifference" involve different degrees of certainty, on the part of each Defendants, that negative consequences foreseeably would and did in fact  result from each act and/or omission per FRCP 8(d)(1)(2)(3).

   3)   The following test determines the personal liability of school officials in physical sexual abuse cases among others, Defendants Hale and Emerson are supervisory school officials.  They each are held personally liable for their subordinate's (Hatcher) violations of Plaintiff, X, a minor elementary

school student's U.S. Constitutional above 14th Amendment rights to bodily integrity in physical sexual abuse cases.  The above principles establish that, including: (1) the Defendants Hale and Emerson learned of the above and other facts and/or should have reported to law enforcement authorities in Galveston County, Texas of inappropriate sexual behavior by their subordinate Hatcher pointing plainly toward the foreseeability that their subordinate Hatcher was sexually abusing the student, Plaintiff, X; and (2) such failure and deliberate indifference caused constitutional injuries to the student, Plaintiff, X as alleged hereinafter.

4)      Per 28 U.S.C. § 1367 to and on the above acts and omissions of the sexual assault(s) by Defendant, Hatcher, employed by GISD at all times for which all Defendants GISD, et al are liable per 42 U.S.C. § 1983 and/or under all other controlling and/or governing applicable laws, statutes, Rules of Civil Procedure and/or Federal Rules of Evidence.

69.     Plaintiff is entitled to an award of compensatory and   exemplary   and   punitive   damages arising from the Defendants' acts.

## F.      INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

70.     All above paragraphs 1 – 69 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

71.     As a proximate result of the wrongful acts of the Defendants, Plaintiffs, X and Debra Lammon have suffered, and will continue to suffer in the future, emotional distress.

## VI. COMPENSATORY DAMAGES

72.     All above paragraphs 1 – 71 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

Plaintiffs suffered, suffer and will in the future suffer as proximate results of and substantial foreseeable factors above.

28

73.     Plaintiff, Debra Lammon sues individually and on behalf of her minor son during

his minority and thereafter after he attains the age of 18, he will have standing to

and to sue for X's:

a.      Physical pain and mental anguish, psychological and/or psychiatric

damages sustained in the past to the date of trial; and

b.      X's physical pain and mental anguish that, psychological and/or psychiatric

damages in reasonable medical, psychological and/or psychiatric

probability he will sustain in the future to (1) from date of trial; (2) after

trial and (3) until he reaches age 18 and thereafter, and

c.      His physical, psychiatric and psychological impairment sustained in the

past; and

d.      His physical, psychiatric and psychological impairment that, in reasonable

probability he will sustain in the future to (1) from date of trial, (2) after

trial, and (3) until he reaches age 18 and thereafter, and

e.      His lost past earnings until (1) date of trial, and (2) after he reaches age 18

and for him personally after age 18, and

f.      The present discounted value of his (Plaintiff, X's) loss of future earning

capacity that, in reasonable economic probability, will be sustained by him

in the future after Plaintiff, X reaches the age of eighteen and thereafter,

and

g.      Plaintiff, Debra Lammon sues for her minor son hereinafter in her above

capacities including (1) per Fed. R. Civ. P. 17(c)(1)(A) and/or as (2) next

friend and/or designated managing conservator, for her and her minor son, Plaintiff, X until he reaches age 18; and

h.    Plaintiffs, in all of their above capacities also sue for:

Plaintiff, X's usual, customary, reasonable and necessary past medical, psychiatric and psychological services care, counseling, testing, expenses, treatment, medications, etc.; and

i.    For all such future medical, psychiatric and psychological services care, treatment, counseling, medications, and necessary testing including for his treatment proximately caused by Defendants above joint and several acts and/or omissions based on reasonable medical, psychiatric and psychological probabilities.

j.    Plaintiff, Debra Lammon sues for her loss of earnings in the past that she would have earned, and mental anguish she suffered in the past and in the future.

### VII. EXEMPLARY AND PUNITIVE DAMAGES

74.    All above paragraphs 1 – 73 allegations inclusively incorporated and allegations and exhibits are all adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

75.    Plaintiffs sue each Defendant severally for punitive damages per Texas statute CPRC 41.001(5)(7) et seq., under *Erie.*  Plaintiffs sue each Defendant severally for exemplary damages against each Defendant severally; in the alternative Plaintiff, X sues per FRCP 8(d)(1)(2)(3) under governing applicable Federal (U.S.) Constitutions, laws, statutes and FRCP and/or Fed. Rules of Evid.

76.   The acts and omissions of the Defendants over the relevant time period, and their deliberate indifference satisfy the criteria for exemplary and punitive damages, as contemplated by 42 U.S.C. § 1983 and 20 U.S.C. § 1681.

## VIII. JURY DEMAND

Plaintiffs demand a jury trial and tendered the appropriate fee with this petition in compliance with the provisions of Rule 38 Fed. R. Civ. P.

## IX.  PRAYER

All above allegations, documents, and exhibits are adopted by reference per Fed. R. Civ. P. 10 (b) and (c).

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants each be served and summoned to appear and answer, and that upon final hearing and at trial, Plaintiffs recover judgment against Defendants, jointly and severally, in accordance with Plaintiffs' above prayers for all of their enumerated compensatory, and actual damages mentioned above.   Plaintiff, Debra Lammon sues individually as next friend and/or birth mother and designated managing conservator of Plaintiff, X during his minority and thereafter for his above enumerated injuries for:

a.   his above aggregate, compensatory and all other actual damages, jointly and severally against all Defendants, and representatives that are all adopted by reference per FRCP Rule 10 (b) and (c), as stated above; jointly and severally for a sum within this Court's jurisdictional limits for monetary relief for compensatory, and all other actual damages in an amount to be shown at trial; and

b.      the above punitive and exemplary damages against each Defendant severally per

28 U.S.C. § 1367 supplemental jurisdiction and governed by Texas law under *Erie*

*Railroad v. Tompkins*, 304 U.S. 64 (1938) (Erie) and/or under all applicable

federal law, statutes and Federal Rules of Civil Procedure and Federal Rules of

Evidence entitles the jury to award (1) actual damages above and (2) exemplary

and punitive damages above against each Defendant severally each in an

aggregate amount reasonably related to Plaintiff X's injuries, and damages above

in an amount to be shown at trial; and

c.      Prejudgment (only for actual damages) and post-judgment interest both at the

maximum rates permitted by law; and

d.      Taxable Court costs; and

e.      Usual, customary, reasonable and necessary attorney's fees and costs; and

f.      For all other relief to which Plaintiffs show themselves to be entitled by proper

timely amendments prior to trial, with or without leave first granted to proceed if

not then required.

Respectfully submitted,
The Law Offices of Newton B. Schwartz, Sr.

*/s/ Vincent Lo*
VINCENT K. LO
Attorney in charge/Lead counsel
Texas Bar No: 00798332
Federal Bar No: 24480
MABEL LEE-LO
Texas Bar No: 24010185
Federal Bar No: 24481
NEWTON B. SCHWARTZ, SR.
Texas Bar No: 17869000

32

Federal Bar No: 5080
1911 Southwest Freeway
Houston, Texas 77098
Telephone: (713) 630-0708
Facsimile: (713) 630-0789
**Attorneys for Plaintiffs**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above document in accordance of Federal Rules of Civil Procedure via the CM/ECF system and/or facsimile on this 2nd day of July, 2014.

*/s/ Vincent Lo*
VINCENT K. LO

Mr. J. Erik Nichols                *Via email:* **enichols@rmgllp.com**
ROGERS, MORRIS & GLOVER, L.L.P.
5718 Westheimer, Suite 1200
Houston, Texas 77057
*Attorney for Defendant GISD*